IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHNNY DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) 4:05-CV-0133-RBP-TMP |
| WARDEN MARY C. CARTER, et al., | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 12, 2005, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on October 25, 2005, (Doc.#32) in which he stated that the defendants had failed to serve a copy of their special report on him. The defendants were ordered to serve a copy of the special report on plaintiff and plaintiff was allowed twenty days to file objections. On January 10, 2006, plaintiff filed objections to the report and recommendation. (Doc.# 36)

In disputing statements in the special report, plaintiff states that he "did not sign a living agreement with inmate Marcellus Williams at no time, . . ." However, plaintiff has failed to dispute the authenticity of his signature on the living agreement submitted to the court by the defendants. (Doc.#16 Exh.6) Plaintiff also disputes the special report by stating that he reported to various officers that Williams had assaulted him in the past.

The Eighth Amendment's prohibition on cruel and unusual punishments imposes upon prison officials the duty to "'take reasonable measures to guarantee the safety of the inmates'" in their

custody.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  This duty includes protecting inmates "from physical assault by other inmates." *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).  It is only when prison officials' deliberate indifference to a known danger or risk exposes an inmate to "objectively, 'sufficiently serious'" harm, that a constitutional violation occurs.  *Farmer v. Brennan*, 511 U.S. at 834.  *See also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.), *cert. denied*, 496 U.S. 928 (1990).

     A danger or risk is "known" only if the prison official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw[s] th[at] inference."  *Farmer v. Brennan*, 511 U.S. at 837.  "[A]n official's failure to alleviate a significant risk that he should have perceived, but did not," is not sufficient to establish liability on the part of the official.  *Id*. at 838.  *See also, Carter v. Galloway*, 352 F.3d 1346 (11th Cir. 2003).  Furthermore, "[t]he known risk of injury must be a '"strong likelihood, rather than a mere possibility."'" *Brown v. Hughes*, 894 F.2d at 1537 (*quoting Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). Even though plaintiff claims that he told various defendants that Williams had assaulted him in the past, he fails to submit any facts to show that he told them that Williams had threatened him again, that he wanted to be placed in protective custody, or even that he wanted to be moved to another cell.

     Deliberate indifference requires "a state of mind more blameworthy than negligence." *Id*. at 835.  Consequently, prison officials are not liable for mere negligent failure to protect a prisoner from attack by another inmate.  *Brown v. Hughes*, 894 F.2d at 1537.  *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Stubbs v. Dudley*, 849 F.2d 83, 85 (2d Cir. 1988), *cert. denied*, 489 U.S. 1034 (1989). While the defendants may have been negligent in not separating plaintiff and Williams, plaintiff fails to show that they acted with deliberate indifference to a "substantial risk of harm."

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.

Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

Plaintiff has filed a motion for a temporary restraining order against defendants Carter, Bishop, Brown, and Simmon. (Doc.#34) The issuance of a temporary restraining order is an extraordinary remedy. The granting of such requests must be done only under exceptional circumstances. *Sampson v. Murray*, 415 U.S. 61 (1974). Plaintiff has failed to set forth any facts to support his motion and the motion is due to be denied.

DONE this the 16th day of February, 2006.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE